[Nos. G018548, G018004. Fourth Dist., Div. Three. Feb. 2, 1996.]

UNITED WESTERN MEDICAL CENTERS et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; MICHELLE H., Real Party in Interest.

**COUNSEL**

Horvitz & Levy, David S. Ettinger, Julie L. Woods, Veatch, Carlson, Grogan & Nelson, Donna Evans, Harrington, Foxx, Dubrow & Canter and Edward R. Leonard for Petitioners.

No appearance for Respondent.

Gregory M. Lloyd for Real Party in Interest.

**OPINION**

**RYLAARSDAM, J.**—Plaintiff claimed two members of a hospital's staff sexually assaulted her. She filed a complaint for assault and battery and

professional negligence against the hospital and its owner. The complaint sought punitive damages. Each defendant moved to strike the punitive damage claim, asserting plaintiff failed to comply with Code of Civil Procedure[1] section 425.13. The trial court denied the motions, ruling section 425.13 inapplicable. The defendants petitioned for writs of mandate or prohibition which we consolidated. We issued an alternative writ and now grant the petition directing the superior court to set aside its orders denying petitioners' motions to strike that portion of plaintiff's complaint praying for punitive damages and to enter a new order granting the motions. The petition challenging the trial court's overruling of the demurrer is denied.

### STATEMENT OF FACTS

Real party was a patient at Western Medical Center-Bartlett (Western) which is owned by United Western Medical Centers (United). Real party alleges that on August 1, 1994, while she was recovering from traumatic brain stem injury, she was sexually assaulted by Jorge Diaz, a hospital employee. As a result, she became pregnant and underwent a therapeutic abortion. Real party also alleges she was sexually assaulted by a second employee, Mauricio Garcia; she did not plead the date of this assault. She filed a first amended complaint asserting causes of action for assault and battery, intentional infliction of emotional distress, and gross negligence. She also sought punitive damages from all defendants.

United and Western each filed a motion to strike, alleging real party had not complied with section 425.13 by first filing a motion for leave to file an amended complaint seeking punitive damages against a health care provider before asserting such a claim. United also generally demurred, claiming the second cause of action for assault by employee Garcia was barred by the statute of limitations since it did not allege the date of the event. The court denied the motions and overruled United's demurrer. United and Western filed petitions for writs of mandate and/or prohibition. We consolidated the petitions and issued an alternative writ.

### DISCUSSION

1. *Do the Provisions of Section 425.13 Apply to the Claims Against the Hospital and Its Owner?*

█ United and Western (collectively hospital) moved to strike the punitive damage claims on grounds real party had not complied with the provisions of section 425.13. Real party argued the statute does not apply, relying

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

on dictum in *Central Pathology Service Medical Clinic, Inc.* v. *Superior Court* (1992) 3 Cal.4th 181 [10 Cal.Rptr.2d 208, 832 P.2d 924], to the effect claims for sexual battery fall outside the scope of the statute. In denying the motion, the trial court held the allegations of real party's complaint did not pertain to "professional services." We disagree.

Section 425.13, subdivision (a) (section 425.13(a)) regulates the pleading of a punitive damage claim against a health care provider and provides in part: "In any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint . . . unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed." As the California Supreme Court explained in *Central Pathology*, a plaintiff must make an evidentiary showing of a "substantial probability" of prevailing on a punitive damage claim before such a claim may be included in the pleading. (*Central Pathology Service Medical Clinic, Inc.* v. *Superior Court, supra*, 3 Cal.4th at pp. 189-190.) The Legislature created this "pretrial hearing mechanism" to protect health care providers from spurious punitive damage claims. (*Ibid.*)

In *Central Pathology*, a patient sued a physician and a laboratory alleging they failed to notify her she was developing cancer when a pap smear revealed the presence of abnormal cells. The complaint alleged the laboratory fraudulently failed to notify her she should be retested and the physician had denied using the laboratory in an effort to cover up the malpractice. Plaintiff moved to amend the complaint to assert a claim for punitive damages in her fraud cause of action, arguing section 425.13 did not apply to intentional torts.

The California Supreme Court disagreed, holding the fraud count was "directly related to the manner in which defendants provided professional services. The claim emanates from the manner in which defendants performed and communicated the results of medical tests, a matter that is an ordinary and usual part of medical professional services. It is therefore governed by section 425.13(a)." (*Central Pathology Service Medical Clinic, Inc.* v. *Superior Court, supra*, 3 Cal.4th at pp. 192-193.) "[I]dentifying a cause of action as an 'intentional tort' as opposed to 'negligence' does not . . . remove the claim from the requirements of section 425.13(a)." (*Id.* at p. 192.) Instead, the trial court should examine the "allegations that identify the nature and cause of a plaintiff's injury . . . to determine whether each is directly related to the manner in which professional services were provided." (*Ibid.*)

Real party alleged causes of action for assault and battery against hospital based on the contention it employed the alleged assaulters. Plaintiffs must do

more than merely rely on the unsubstantiated allegations in their complaints before they may proceed with a punitive damage claim against a health care provider. (*College Hospital, Inc.* v. *Superior Court* (1994) 8 Cal.4th 704, 720, fn. 7 [34 Cal.Rptr.2d 898, 882 P.2d 894].) The causes of action for intentional infliction of emotional distress and gross negligence are expressly based on hospital's alleged failure to "supervise and protect and safeguard" real party. Real party alleges employees Diaz and Garcia acted "within the course and scope of their employment" and with hospital's "consent, permission and knowledge," when they sexually harassed real party and hospital's conduct allowed for these employees to sexually harass real party. It is therefore hospital's failure to provide the very medical care it undertook to provide to real party which is the crux of real party's allegation.

"[T]he professional duty of a hospital . . . is primarily to provide a safe environment within which diagnosis, treatment, and recovery can be carried out. Thus if an unsafe condition of the hospital's premises causes injury to [a patient], . . . there is a breach of the hospital's duty qua hospital." (Italics omitted.) (*Murillo* v. *Good Samaritan Hospital* (1979) 99 Cal.App.3d 50, 56-57 [160 Cal.Rptr. 33].) Here, real party's only relationship with hospital was as a patient. Since the claim against hospital arises out of its alleged failure to adequately protect real party, she must abide by section 425.13 before she may pursue a punitive damage claim against United or Western.

Real party relies on dictum in *Central Pathology*: "[A] cause of action against a health care provider for battery predicated on treatment exceeding or different from that to which a plaintiff consented is governed by section 425.13 because the injury arose out of the manner in which professional services are provided. By contrast, a cause of action against a health care provider for sexual battery would not, *in most instances*, fall within the statute because the defendant's conduct would not be directly related to the manner in which professional services were rendered." (*Central Pathology Service Medical Clinic, Inc.* v. *Superior Court, supra,* 3 Cal.4th at p. 192, italics added.) That dictum, however, when viewed in the context of this case does nothing to help real party's position. The actions upon which the claim for punitive damages against hospital are based are directly related to the manner in which professional services were rendered. "Because the intentional misconduct alleged . . . concerned the manner in which medical services were performed, the plaintiff should have been required to comply

with section 425.13(a)." (*College Hospital, Inc.* v. *Superior Court, supra,* 8 Cal.4th at p. 714.)

Real party contends hospital either negligently or intentionally failed to supervise its staff, or hired incompetent staff and thereby allowed real party to be sexually assaulted. While plaintiff may assert a right to recover punitive damages from the two assailants, Diaz and Garcia, without following the procedures of section 425.13, the same does not hold true for their employer.

The motion to strike should have been granted. The basis for the claim against hospital is directly related to its performance of professional services. Real party must abide by the provisions of section 425.13 and may not allege punitive damages against hospital without the factual showing required by the statute. Pleadings alone cannot justify a claim for punitive damages against a health care provider.[2] Should real party wish to proceed with such a claim against hospital, she will have to show, by admissible evidence, there is a substantial probability she will prevail in her claim for punitive damages. (*College Hospital, Inc.* v. *Superior Court, supra,* 8 Cal.4th at p. 719.)

## 2. *The Demurrer*

United asserts the court should have sustained its general demurrer because real party failed to "plead a potentially time-barred claim without specifying the date or dates of the alleged incident." ▮ While a demurrer based on statute of limitations lies where the dates in question are shown on the face of the complaint, if those dates are missing, there is no ground for a general demurrer. (See *Union Carbide Corp.* v. *Superior Court* (1984) 36 Cal.3d 15, 25 [201 Cal.Rptr. 580, 679 P.2d 14]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1995) ¶ 7:53, p. 7-23.) United's remedy is to ascertain the factual basis of the contentions through discovery and, if necessary, file a motion for summary judgment to eliminate that cause of action should the facts reveal the claim is time-barred.

## 3. *Lisa M.*

After oral argument, the California Supreme Court issued its opinion in *Lisa M.* v. *Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291

---

[2] It is questionable whether the pleadings herein could have withstood a motion to strike the punitive damage allegations under section 435. Absent allegations of authorization, ratification, or conduct by a managerial employee, none of which is alleged here, a corporate defendant generally is not liable for punitive damages in any event.

[48 Cal.Rptr.2d 510, 907 P.2d 358]. We asked the parties to brief the issue of whether that case rendered the instant appeal moot. Both sides agreed the instant appeal is not moot and we therefore do not address any issues raised by *Lisa M.* Whether the ruling in *Lisa M.* has any bearing on this case should first be determined in the trial court.

## CONCLUSION

The alternative writ is discharged. Let a peremptory writ of mandate issue directing the trial court to set aside its orders denying petitioners' motions to strike that portion of real party's complaint praying for punitive damages against United and Western and to enter orders granting the motions.

To the extent United seeks to have us mandate a reversal of the trial court's overruling of the demurrer, its petition is denied.

Sills, P. J., and Crosby, J., concurred.

On February 26, 1996, the opinion was modified to read as printed above.