[No. B133625. Second Dist., Div. Two. Nov. 9, 2000.]

EDWARD ROMAN, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Law Offices of Duane R. Folke and Duane R. Folke for Plaintiff and Appellant.

Kohrs & Fiske, Conrad Kohrs, Luciana P. O'Brien; Greines, Martin, Stein & Richland, Martin Stein, and Carolyn Oill for Defendant and Respondent.

**OPINION**

**TODD, J.**—Appellant Edward Roman appeals from an order dismissing his verified first amended complaint after the trial court sustained the County of

Los Angeles's (County) general demurrer, without leave to amend, to each of its eight causes of action. All of the causes of action in the amended complaint arose from County's alleged discriminatory treatment of appellant, its employee. The trial court concluded that six causes of action were barred by the statute of limitations and the other two by appellant's failure to exhaust his administrative remedies. Appellant's primary contentions on appeal are that his claims for employment discrimination under the Fair Employment and Housing Act (FEHA) and title VII of the Civil Rights Acts of 1964 and 1991 were timely filed because they were filed within one year of his receipt of a right-to-sue letter from the Department of Fair Employment and Housing (DFEH) and because the continuing violation doctrine is applicable.

We reverse with directions.

### PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

Appellant filed a verified complaint "For Employment Discrimination" on September 30, 1998. County's general demurrer to each of the eight causes of action in that complaint was sustained with leave to amend.

Appellant then filed a first amended verified complaint that alleged: Appellant is of Mexican-American descent. He "is, and at all times material herein was, employed by the . . . County," beginning his County career in 1992. Paragraph 27 alleged that "plaintiff continues to suffer the injustice of unfair, unequal treatment on the job on the basis of his national origin," paragraph 30 alleged that appellant "continues to experience the repercussions from his filing of charges against his co-worker, as this individual is now in a position above the [appellant]," while paragraph 34 alleged that as a result of County's wrongdoing, appellant "has suffered . . . a loss in standing on the job which has effected [*sic*] his promotability and caused him to receive pay in a diminished capacity. . . ."

On June 28, July 11, and July 17, 1995, appellant alleged that he had a series of incidents with a coworker, Jirair Issaghoolian. In the first, Issaghoolian made ethnic slurs against appellant. In the second incident, he physically attacked appellant and in the last, he accosted appellant and shouted racial epithets. Appellant alleged that he was also discriminated against because his complaints about these incidents were improperly investigated and resolved because of his national origin. He contended that the person chosen to investigate was biased because she was married to a person of the same ethnic background as his assailant.

Appellant also alleged that he experienced disparate treatment "in conjunction with an incessant series of alleged rule violations" against him "to

make [appellant] either resign or succumb to the various attempts to remove him through administrative procedures from his employment or to be forced out [or] constructively discharged . . . based solely on his race as a Mexican-American."

Without alleging the times of the incidents, appellant further alleged that he had been subjected to "racial discriminatory conduct" including constant racial epithets, acts of intimidation, deprivation of training and seminars, deprivation of various supplies, reprimands so as to sabotage his employment opportunities, and unequal promotion and transfer opportunities, all as compared to White counterparts.

Appellant filed a complaint with the DFEH on May 30, 1997 and was issued a right-to-sue letter on October 6, 1997, attached to the amended complaint as an exhibit. That letter stated that a lawsuit must be filed within one year from the date of its issuance. It also advised appellant that if he desired a federal right-to-sue letter, he had to file a timely complaint with the Equal Employment Opportunity Commission (EEOC).

Each cause of action in the amended complaint incorporated all of the facts recited above. The first cause of action alleged a violation of appellant's constitutional rights. The second and seventh causes of action alleged intentional and negligent infliction of "mental disturbance," respectively. The third cause of action alleged that that conduct violated title 42 of the United States Code section 1983. The fourth cause of action alleged that County's actions constituted a violation of title VII of the Civil Rights Acts of 1964 and 1991 (title VII) and the provisions of title 42 of the United States Code section 2000e. The fifth cause of action asserted a violation of title 42 of the United States Code section 1981 et seq. The sixth cause of action was substantively the same as the fourth cause of action. The eighth cause of action sought declaratory relief pursuant to title 28 of the United States Code section 2001. It alleged that "On or about January, 1996, [appellant] was terminated without a complete review by the defendants and was initally [sic] summarily denied a hearing regarding his job performance . . . ."[1]

County demurred to the first amended complaint on the grounds that "[Appellant] has made no substantial 'amendments' whatsoever" to the original complaint, setting out the changes that were made. It reasserted the same grounds for its demurrer as its demurrer to the original complaint; that all but the fourth and sixth causes of action were barred by the statute of

---

[1]While the unnumbered first paragraph and paragraph 3 of the amended complaint allege that it was also brought under the FEHA, none of the headings of the eight causes of action so indicate.

limitations, and those two causes of action were barred because appellant failed to obtain a right-to-sue letter from the EEOC. The demurrer pointed out that the amended complaint, as in the original complaint, alleged in the eighth cause of action that appellant was terminated from his employment.

Appellant's opposition attached (without a request for judicial notice), among others, the following documents: (1) appellant's employment grievance, dated September 15, 1995; (2) another grievance by appellant, dated January 10, 1996, and response to it. The response indicated that the grievance regarded appellant's "termination from my appointment to Acting GAIN Services Worker, Exam # 4 9165-C"; (3) a June 26, 1997 grievance by appellant, reflecting a complaint against his supervisor at the County who had docked his pay that month, he claimed, as a pretext for discrimination, harassment and retaliation for his having filed an FEHA complaint; (4) a grievance by appellant, dated February 6, 1998, complaining about a supervisor's allegedly suppressing his "Early Action Fraud Referrals." This grievance made no suggestion that race or national origin was involved; and (5) the complaint filed with the DFEH on May 30, 1997, claiming that "Gail Esfahaniha, Perri Threatt and Jirair Issaghoolian harassed me and failed to discipline the harasser." It asserted that these events occurred "[f]rom June 1995 to May 6, 1997," and that the discrimination was based on appellant's "ancestry." Appellant also checked the box signifying that the discrimination was based on race.

The trial court entered its minute order sustaining the County's demurrer to all causes of action without leave to amend. An order dismissing the amended complaint with prejudice based on the sustaining of the demurrer was entered and notice duly given. Timely notice of appeal was filed.

## STANDARD OF REVIEW

A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion. Therefore, an appellate court employs two separate standards of review on appeal. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]; *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879 [6 Cal.Rptr.2d 151].)

The complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action. (*Filet Menu, Inc. v. Cheng* (1999) 71 Cal.App.4th 1276, 1279 [84 Cal.Rptr.2d 384].) The properly pleaded material factual allegations, together with facts that may be properly judicially noticed, are accepted as true. Reversible error exists if facts were

alleged showing entitlement to relief under any possible legal theory. (*Platt v. Coldwell Banker Residential Real Estate Services* (1990) 217 Cal.App.3d 1439, 1444 [266 Cal.Rptr. 601].)

Where a demurrer is sustained without leave to amend, the reviewing court must determine whether the trial court abused its discretion in doing so. (*Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636 [75 Cal.Rptr. 766, 451 P.2d 406].) It is an abuse of discretion to deny leave to amend if there is a reasonable possibility that the pleading can be cured by amendment. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [134 Cal.Rptr. 375, 556 P.2d 737].) Regardless of whether a request therefore was made, unless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion. (*McDonald v. Superior Court* (1986) 180 Cal.App.3d 297, 303-304 [225 Cal.Rptr. 394].) The burden is on the plaintiff to demonstrate how he or she can amend the complaint. It is not up to the judge to figure that out. (*Blank v. Kirwan, supra*, 39 Cal.3d 311, 318.) Plaintiff can make this showing in the first instance to the appellate court. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386 [272 Cal.Rptr. 387].)

## DISCUSSION

■ With respect to each of the causes of action in the amended complaint, we first consider whether the demurrer was properly sustained, and if it was, whether the trial court abused its discretion in denying leave to amend.

### A. *The First Through Third, Fifth, Seventh and Eighth Causes of Action*

Code of Civil Procedure section 340, subdivision (3) provides a one-year statute of limitations for: "[a]n action for . . . injury to or for the death of one caused by the wrongful act or neglect of another . . . ." It is applicable to the first, second, third, fifth, seventh and eighth causes of action, all of which were demurred to by County based solely upon the statute of limitations.[2]

The third and fifth causes of action were brought pursuant to title 42 of the United States Code sections 1983 and 1981, respectively. Those federal statutes contain no statutory limitations period, thus the limitations period is

---

[2]Since the only basis of the demurrers to these causes of action was the statute of limitations, we do not consider the new argument presented by County for the first time on appeal that the first cause of action was impermissible because a plaintiff may not sue directly under the United States Constitution. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [72 Cal.Rptr.2d 232].)

determined by the applicable state statute of limitations. (*Wilson v. Garcia* (1985) 471 U.S. 261, 278 [105 S.Ct. 1938, 1948, 85 L.Ed.2d 254]; see also *Anjelino v. New York Times Co.* (3d Cir. 1999) 200 F.3d 73, 98.) Such actions are for personal injuries and come within the one-year limitations period set forth in Code of Civil Procedure section 340, subdivision (3). (*McDougal v. County of Imperial* (9th Cir. 1991) 942 F.2d 668, 670.) Similarly, the first cause of action for violation of constitutional rights, if it asserts a cause of action at all, is also a claim for personal injuries and would be within the same limitations period. The second and seventh causes of action for intentional and negligent infliction of emotional distress, respectively, are also subject to the one-year statute of limitations of Code of Civil Procedure section 340, subdivision (3). (*Bennett v. Suncloud* (1997) 56 Cal.App.4th 91, 97 [65 Cal.Rptr.2d 80]; Code Civ. Proc., § 340, subd. (3).) "[T]he statute of limitations governing a request for declaratory relief is the one applicable to an ordinary legal or equitable action based on the same claim." (*Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1155 [281 Cal.Rptr. 827].) Since the declaratory relief cause of action here alleges the same types of discriminatory treatment as in the first, third, and fifth causes of action, the one-year limitations period applicable to those causes of action is also applicable to the declaratory relief cause of action.

County argues that the one-year statute of limitations bars these six causes of action because the Issaghoolian incidents in June and July of 1995 occurred more than three years prior to the September 1998 filing of the complaint. The wrongful conduct alleged in the complaint without the dates of their occurrence, County argues, can be pinpointed to have occurred more than a year prior to the filing of the complaint because appellant alleged that his employment was terminated by County in January of 1996. Since the conduct alleged occurred in connection with appellant's employment, it could not have occurred after his termination. It is therefore central to County's statute of limitations contention that the amended complaint unequivocally establish that appellant's employment was terminated in January of 1996.[3]

Our reading of the amended complaint convinces us that it is impossible to definitively reach that conclusion. While County points to the allegation in paragraph 59 of the eighth cause of action of the amended complaint that

---

[3] At oral argument, County asserted that it had not previously been given the opportunity to respond to the argument that the complaint was ambiguous as to when, or if, plaintiff's employment with County was terminated. However, it was County which claimed that the complaint alleged that appellant was terminated in January of 1996, and made this contention a basis for its statute of limitations argument. All we decide here is that County's argument fails because of the ambiguity in the complaint as to whether and when appellant was terminated.

"[o]n or about January, 1996, plaintiff was terminated without a complete review by the defendants," it ignores the allegation in paragraph 2 that "[appellant] *is*, and at all times material herein was, employed by the Defendant in the County of Los Angeles . . . ." (Italics added.) It is this latter allegation that is incorporated by reference into each of the first seven causes of action. The allegation in paragraph 59 is confined only to the eighth cause of action. County also ignores the allegations in paragraph 27 that "[appellant] *continues to suffer* the injustice of unfair, unequal treatment on the job on the basis of his national origin" (italics added), paragraph 30 that appellant "*continues to experience the repercussions* from his filing of charges against his co-worker, as this individual is now in a position above the [appellant]" (italics added), paragraph 34 that as a result of County's wrongdoing, appellant has "suffered . . . a loss in standing on the job which has effected his promotability and caused him to receive pay in a diminished capacity" and paragraph 36 that the defendants "wrongful[ly] fail[ed] to promote [appellant] and [appellant's] wrongful termination *of an acting assignment*. . . ." (Italics added.) These contradictory allegations suggest that the termination referred to in paragraph 59 may have been a termination from a particular position that appellant held with County, not a termination of his employment.

Our conclusion that the complaint does not unambiguously reveal on its face when, or if, appellant was terminated is buttressed by the fact that appellant has not sued for wrongful termination. Furthermore, although not attached to the amended complaint or the subject of a request for judicial notice,[4] our conclusion is also supported by the documents attached to appellant's opposition to the demurrer to the amended complaint, which included grievances for allegedly discriminatory conduct by appellant's supervisors at County that occurred long after his purported January 1996 termination.[5]

A general demurrer based on the statute of limitations is only permissible where the dates alleged in the complaint show that the action is barred by the statute of limitations. (See *Saliter v. Pierce Brothers Mortuaries* (1978) 81 Cal.App.3d 292, 300 [146 Cal.Rptr. 271].) The running of the statute must appear "clearly and affirmatively" from the dates alleged. It is not sufficient that the complaint *might* be barred. (*Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403 [44 Cal.Rptr.2d 339].) If the dates

---

[4]Since these documents are not a part of the complaint and were not the subject of a request for judicial notice, we do not consider them in reaching our conclusion, but only to corroborate it.

[5]For example, appellant's grievance dated June 27, 1997, referred to actions of his supervisor improperly docking his pay in June of 1997, nearly a year and one-half after the termination from employment which County assumes and argues in support of its position.

establishing the running of the statute of limitations do not clearly appear in the complaint, there is no ground for general demurrer. The proper remedy "is to ascertain the factual basis of the contention through discovery and, if necessary, file a motion for summary judgment . . . ." (*United Western Medical Centers v. Superior Court* (1996) 42 Cal.App.4th 500, 505 [49 Cal.Rptr.2d 682].)

From the face of the amended complaint here, the ambiguities and conflicting allegations make it impossible to determine when, if at all, appellant lost his job with County. That being the case, it is impossible to clearly and affirmatively conclude that the alleged wrongful conduct of County, for which dates were not pled, must have occurred prior to January of 1996, or one year before the complaint was filed. It was therefore error to sustain the general demurrer to these causes of action based on statute of limitations.

B. *The Fourth and Sixth Causes of Action for Alleged Violation of 42 United States Code Section 2000e et seq.*

█ Based upon claims of discriminatory treatment in the workplace, appellant pled the fourth and sixth causes of action under title VII (42 U.S.C. § 2000e et seq.). Before filing suit on a claim under title VII, a plaintiff must file a charge with the EEOC and obtain a right-to-sue letter. (*Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1063 [257 Cal.Rptr. 768].) County attacked these causes of action on the sole ground that appellant failed to exhaust his administrative remedies by failing to obtain an EEOC right-to-sue letter. Neither the original complaint nor the amended complaint alleged that a complaint had been filed with, and a right-to-sue letter issued by, the EEOC. Both did allege, however, that a right-to-sue letter had been issued by the DFEH.

County cites *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718 [35 Cal.Rptr.2d 181] (*Martin*) for the proposition that the right-to-sue letter from DFEH only gave appellant the right to sue under state law, not under title VII. We note that *Martin* held the converse, that a right-to-sue letter from the EEOC satisfied the exhaustion of remedies requirement only for purposes of an action based on federal law, not for a state law action under the FEHA.

With one unconvincing exception,[6] we are referred to no case, and have found none, dealing with the precise issue presented here, whether a DFEH

---

[6]A federal district court in *Ritzie v. City University of New York* (S.D.N.Y. 1989) 703 F.Supp. 271, 278 did state: "[T]his court has subject-matter jurisdiction over Title VII claims only to the extent that they were originally asserted before the [EEOC], *or the analogous state*

right-to-sue notice satisfies the jurisdictional requirements for a claim under title VII. However, we see no reason for a rule other than *Martin* to apply. Title 42 of the United States Code section 2000e-5(e)(1), specifically provides a time deadline for obtaining an EEOC right-to-sue notice after having "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . ." This suggests that a state right-to-sue notice does not satisfy EEOC requirements. Furthermore, the DFEH right-to-sue notice specifically advised appellant that if he wanted a federal right-to-sue notice he had to file a complaint with the EEOC. Having failed to allege that an EEOC right-to-sue notice had been obtained, particularly after having been advised in the demurrer to the original complaint of this easily correctable defect (if an EEOC right-to-sue notice was obtained), we conclude that the trial court properly sustained County's general demurrer to the two title VII causes of action.

In deciding whether the trial court abused its discretion in denying leave to amend these causes of action, it is appellant's duty to demonstrate how he could amend to assert a cause of action. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) Appellant made no attempt before the trial court or this court to make such a showing. We conclude therefore that no amendment was possible and that the trial court correctly denied leave to amend.

### DISPOSITION

The trial court's order dismissing appellant's complaint is reversed with instructions that the demurrer be overruled as to all but the fourth and sixth causes of action and as to those two, it be sustained without leave to amend. The parties are to bear their own costs on appeal.

Boren, P. J., and Nott, J., concurred.

---

*agency, here the New York State Division of Human Rights . . . .*" (Italics added.) However, it cited no authority for this statement.