**Joan HACKBARTH, Plaintiff–Appellant,**

v.

**REGENTS OF the UNIVERSITY OF CALIFORNIA, Defendant–Appellee.**

**No. 00–55494.**

**D.C. No. CV–99–13106–FMC.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 23, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Joan Hackbarth appeals pro se from orders of the district court dismissing her 6th Amended Corrective Complaint with prejudice and striking her opposition to the motion to dismiss for failure to comply with the court's local rules and prior order. Because the district court intended its order to dismiss the action, we have jurisdiction pursuant to 28 U.S.C. § 1291. *Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984). We affirm in part, and reverse and remand in part.

We review the district court's rulings regarding local rules for abuse of discretion, *Prof'l Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994), and dismissal of the complaint de novo, *Stone v. Travelers Corp.*, 58 F.3d 434, 436–37 (9th Cir.1995). Because Hackbarth's counsel did not comply with the district court's January 27, 2000 order directing how and when the opposition to the motion to dismiss was to be filed, the district court did not abuse its discretion by striking the opposition. *Cf. Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir.2000) (per curiam) (reversing sanction for violating local rule where district court did not state reason for imposing sanction).

The district court erred by concluding that Hackbarth's complaint had not been filed until November 7, 1997, because it had been lodged with the court on October 30, 1997 when she filed her Motion and Declaration In Support of Request to Pro-

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ceed In Forma Pauperis.[3] *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280–81 (9th Cir.1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir.1986) (concluding complaint constructively filed when delivered to clerk of court). Because Hackbarth's complaint was constructively filed on October 30, 1997, the district court erred by dismissing on statute of limitations grounds Hackbarth's claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. *See Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir.1996).

 Because the California Department of Fair Employment and Housing issued Hackbarth a right to sue notice stating that she could file an action under the Fair Employment and Housing Act ("FEHA") within one year, the district court erred by dismissing Hackbarth's FEHA claim because her charge of discrimination did not specifically cite to FEHA. *See Roman v. County of Los Angeles,* 85 Cal.App.4th 316, 325, 102 Cal.Rptr.2d 13 (Cal.Ct.App. 2000) (citing *Martin v. Lockheed Missiles & Space Co.,* 29 Cal.App.4th 1718, 35 Cal. Rptr.2d 181 (Cal.Ct.App.1994)).

Because the Regents are a state agency not subject to liability under 42 U.S.C. § 1983, the district court did not err by dismissing Hackbarth's equal protection cause of action. *See Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir.1997).

We have not considered documents included in Hackbarth's excerpts of record that were not part of the record below and not otherwise subject to judicial notice. *See USA Petroleum Co. v. Atlantic Richfield Co.,* 13 F.3d 1276, 1279 (9th Cir.1994).

Each party shall bear its own costs on appeal.

AFFIRMED in part, and REVERSED AND REMANDED in part.