Filed 5/24/23  Scott v. Burbank Unified School District CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SYLVIA VERONICA SCOTT, | B314618 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV08953) |
| v. | |
| BURBANK UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed.

Sylvia Veronica Scott in pro per. for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, Marlon C. Wadlington and Scott D. Danforth for Defendants and Respondents.

—————————————

Plaintiff Sylvia Veronica Scott appeals from summary judgment entered in favor of defendant Burbank Unified School District in plaintiff's lawsuit for wrongful termination and other claims. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In early 2018, plaintiff worked as a substitute teacher for about two months in the Burbank Unified School District (District). During her employment, she twice emailed a detective at the Monrovia Police Department, alleging there was student drug use, missing children, as well as rapes and murders committed by school district children. Plaintiff did not relay this information to the District. On March 12, 2018, several days after her second email to the detective, the District terminated plaintiff's employment.

### 1. Plaintiff's Lawsuit for Defamation and Wrongful Termination

On March 14, 2019, plaintiff sued the District, alleging the District retaliated against her by terminating her employment and defaming her. Her complaint alleged six employment-related causes of action under both state and federal law, and one cause of action for defamation.[1]

---

[1] Plaintiff alleged violations of (1) 42 U.S.C. sections 2000-2000e-17 (Title VII); (2) Government Code, sections 12900 - 12996 (Fair Employment and Housing Act, FEHA); (3) 29 U.S.C. sections 201-219 (Fair Labor Standards Act, FLSA); (4) 5 U.S.C. section 2302(b)(8) (Civil Service Reform Act, CSRA); (5) Government Code, sections 8547 - 8547.15 (Whistleblower Protection Act, WPA); (6) Labor Code, section 1102.5 (whistleblower retaliation); and (7) Civil Code, sections 45a and 48a (defamation).

2

The case was originally assigned to the Spring Street Los Angeles Superior Court but was subsequently transferred to the Burbank Superior Court.  In July and September 2019, plaintiff moved for a change of venue, requesting the case be sent to Orange County "due to discrimination and hostility."  Both motions were denied.

## 2.    *Motion for Summary Judgment*

On February 11, 2021, the District moved for summary judgment, or in the alternative, summary adjudication on each cause of action.  The District argued that plaintiff's claims were principally barred because she had not exhausted administrative remedies or filed required government claims with the appropriate agency.  The District pointed out that in discovery responses, plaintiff admitted she failed to file claims under the Government Claim Act (§ 810 et seq.), or exhaust required administrative remedies.

The District asserted (1) plaintiff did not exhaust her administrative remedies as to her Title VII, FEHA, CSRA and WPA claims; (2) plaintiff  failed to file required claims under the Government Claims Act for her defamation and retaliatory whistleblower causes of action; (3) the District enjoyed sovereign immunity under the Eleventh Amendment for claims under the FLSA; and (4) the CSRA claims did not apply to a school district.

Plaintiff did not initially submit an opposition brief to the motion.  Instead, on May 13, 2021, she filed a document entitled "Plaintiff's Separate Statement of Undisputed Material Facts in Opposition to Defendant's Motion for Summary Judgment or Summary Adjudication."  In it, plaintiff argued that on July 13,

---

All subsequent statutory references are to the Government Code unless indicated otherwise.

3

2018, she sent an email to the District's "Risk Management" office, and this satisfied the government claim requirement. Without evidentiary authentication, plaintiff attached to her separate statement her purported email to risk management.

On May 17, 2021, the District filed its reply to plaintiff's separate statement. The District explained that plaintiff's email to risk management "cannot constitute a complaint to the [Department of Fair Employment and Housing] DFEH, [Equal Employment Opportunity Commission] EEOC, [Office of Special Council] OSC, or State Personnel Board . . . and Plaintiff offers no legal authority for such a contention."

One day before the hearing, plaintiff filed an "opposing motion" to the summary judgment and summary adjudication. The brief did not address the District's argument that she had failed to exhaust administrative remedies and had failed to file government claims.

### 3.    *The Court Grants Summary Judgment*

On May 24, 2021, the trial court granted summary judgment. At the same time, the court issued an order explaining that it had reviewed plaintiff's late-filed brief, which did not change its ruling.

The court ruled: (1) Plaintiff failed to exhaust EEOC, DFEH, and State Personnel Board administrative remedies before filing her complaint based on Title VII, the FEHA, and the WPA. (2) Plaintiff did not file the mandatory government claim before pursuing her defamation and whistleblower retaliation causes of action.[2] (3) The District was entitled to Eleventh

---

[2]    The Court concluded that plaintiff's only piece of evidence that could conceivably create a triable issue of fact regarding the

4

Amendment Immunity for the FLSA cause of action. (4) The CSRA claim could not be brought against the District.

On June 10, 2021, the trial court entered judgment. Plaintiff appealed.

## DISCUSSION

In her opening brief, plaintiff contends she did not assert claims under the FLSA, CSRA, or the WPA. She mentioned them only in passing. This eliminates three of her seven causes from appellate consideration, and we do not discuss these claims further. Our discussion is limited to plaintiff's remaining four claims brought under Labor Code section 1102.5 (whistleblower retaliation), Civil Code sections 45a and 48a (defamation), FEHA, and Title VII.

## 1. *Standard of Review*

Summary judgment is appropriate "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant satisfies its "burden of showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be

---

filing of a government claim was her July 13, 2018 email to risk management. However, the court explained it could not consider the email "directly as not being verified or attested, but the court does examine it provisionally to determine if it may qualify as such a claim meeting the claim-filing requirement, and determines that it does not . . . ." The court observed, "There is no indication that [the email recipient] or this [risk management] department has the authority to accept claims against the district or the power to rule on them. There is simply no suggestion that a monetary claim was being made."

5

established, or that there is a complete defense to the cause of action.  Once the defendant or cross-defendant has met that burden, the burden shifts to the plaintiff or cross-complainant to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).)

The moving party must support the motion with evidence, e.g. affidavits, declarations, depositions, admissions, and matters subject to judicial notice, and the opposing party must oppose the motion with the like.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*); Code of Civ. Proc., § 437c, subd.(b).)  When ruling on the motion, the court must consider all the evidence and all inferences reasonably drawn from it in the light most favorable to the opposing party.  (*Aguilar,* at p. 843; Code of Civ. Proc., § 437c, subd. (c).)

"We review the trial court's grant of summary judgment de novo, applying the same statutory procedure followed in the trial court." (*Taylor v. Elliott Turbomachinery Co. Inc.* (2009) 171 Cal.App.4th 564, 574.)

## 2. *Plaintiff's Failure to File a Government Claim Bars Her Defamation and Whistle Blower Retaliation Causes of Action*

Plaintiff sued the District, a public entity, for defamation under Civil Code sections 45a and 48a and whistle blower retaliation under Labor Code section 1102.5.  The Government Claims Act " ' "establishes certain conditions precedent to the filing of a lawsuit against a public entity.  As relevant here, a plaintiff must timely file a claim for money or damages with the public entity.  ([Gov. Code,] § 911.2.)  The failure to do so bars the plaintiff from bringing suit against that entity.  ([Gov. Code,]

6

§ 945.4.)" ' " (*J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1219.) The Government Claims Act filing requirement applies to all tort actions, like defamation, and causes of action alleging violations of Labor Code section 1102.5. (*Watson v. State of California* (1993) 21 Cal.App.4th 836, 843 ["It is well settled that a government claim must be filed with the public entity before a tort action is brought against the public entity or public employee."]; *Roger v. County of Riverside* (2020) 44 Cal.App.5th 510, 523 [applying Government Claim Act to defamation]; *Le Mere v. Los Angeles Unified Sch. Dist.* (2019) 35 Cal.App.5th 237, 245-247 [failure to comply with Government Claims Act barred Labor Code Section 1102.5 violation].) "[F]ailure to file a claim is fatal to the cause of action." (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454.)

Here, plaintiff admitted in discovery responses that she "did not file a California Tort Claim with Burbank Unified School District" and that she did not file "a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the Pleadings."

Plaintiff argues that her July 13, 2018 email to the District's "Risk Management" fulfilled the Government Claims Act filing requirement. We disagree and observe the trial court rightly declined to consider plaintiff's purported email as evidence because it was not authenticated under the Evidence Code.[3] (See *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1119–1120 ["A motion for summary judgment must be decided on admissible evidence in the form of affidavits, declarations, admissions, answers to interrogatories, depositions

---

[3] Plaintiff does not argue on appeal that the email was legally admissible.

7

and matters of which judicial notice may be taken."].)  Without an affidavit, declaration, or testimony verifying the email, the email was not authenticated and thus inadmissible.  (*J&A Mash & Barrel, LLC v. Superior Court* (2022) 74 Cal.App.5th 1, 19 ["To establish authenticity, the party introducing the writing must introduce 'evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is' or establish 'such facts by any other means provided by law.'  (Evid. Code, § 1400.)  Simply put, section 1400 requires introduction of evidence sufficient to find that the writing is as claimed.  [T]he proponent of the documents . . . ha[s] the burden of showing their authenticity, including the absence of any material alteration."].)  Plaintiff did not produce evidence that the email was authentic or that she filed a government claim.

Even if the email were admissible, it would not qualify as a government claim.  Section 915 requires the government claim to be mailed or personally served on the clerk, secretary, or auditor of the public entity, or delivered in a manner specifically authorized by the public entity in an ordinance or resolution. (§ 915, subd. (a).)  Alternatively, the claim is considered presented to the public entity if the entity's clerk, secretary, or auditor, or the Department of General Services actually receives it.  (§ 915, subd. (e).)  The "Risk Management" department of the school district is not listed under the Government Code as an authorized recipient of a Government Claim.  Plaintiff also failed to comply with the claim amount requirement.  (See § 910, subd. (f) [the government claim shall show the amount claimed if less than $10,000, and, if the claim exceeds $10,000, whether it is a limited civil case].)  Nothing in the record before us suggests compliance with these statutes, and plaintiff's whistleblower

8

retaliation and defamation claims were properly dismissed. (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 990–992 [failure to comply with Government Claims Act compels dismissal].)

### 3. *Plaintiff Did Not Exhaust Administrative Remedies Under FEHA and Title VII*

Plaintiff's FEHA and Title VII claims are barred because the record does not disclose that plaintiff exhausted her administrative remedies under either statute.

**FEHA.** "An employee who wishes to file suit under the FEHA must exhaust the administrative remedy provided by the statute by filing a complaint with the DFEH, and must obtain from the [DFEH] a notice of right to sue. [Citation.] The timely filing of an administrative complaint before the DFEH is a prerequisite to the bringing of a civil action for damages." (*Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 931 (internal quotation marks omitted); § 12960.)

In her discovery responses, plaintiff stated that she "did not file a complaint with the Department of Fair Housing and Employment." Plaintiff admits her failure to exhaust administrative remedies; accordingly, she may not pursue her FEHA cause of action.

**Title VII/EEOC.** Plaintiff's remaining claim under title VII likewise fails. "Before filing suit on a claim under title VII, a plaintiff must file a charge with the [Equal Employment Opportunity Commission] and obtain a right-to-sue letter." (*Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 325; *Fort Bend Cty. v. Davis* (2019) —— U.S. —— [139 S.Ct. 1843, 1846]; 42 U.S.C. § 2000e-5(f)(1) ["a civil action may be brought" "after a charge is filed with the Commission."].)

9

Here, plaintiff's discovery responses stated she "did not file with the Equal Employment and Opportunity Commission."  This admission is fatal to her title VII cause of action.[4]

### DISPOSITION

The judgment is affirmed.  Defendant Burbank Unified School District is awarded costs on appeal.


RUBIN, P. J.

WE CONCUR:


MOOR, J.


KIM, J.

---

[4] Plaintiff argues the trial court abused its discretion by failing to give a discovery cutoff date, providing only three days to respond to a tentative judgment, refusing to allow amendment of pleadings, and denying her motions to change venue.  We do not reach the merits of these arguments as plaintiff's complaint was barred by her failure to file a Government Claim or exhaust administrative remedies.

10