Filed 9/24/25  Kelly v. Boxer & Gerson CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

<table>
<tr><td>

KARYNN S. KELLY,

    Plaintiff and Appellant,

v.

BOXER & GERSON, LLP,

    Defendant and Respondent.

</td><td>

A171946

(Alameda County
Super. Ct. No. 23CV049166)

</td></tr>
</table>

KaRynn S. Kelly sued Boxer & Gerson, LLP (Boxer) for legal malpractice arising from its representation of her in workers' compensation cases.  The trial court sustained Boxer's demurrer on statute of limitations grounds.  (Code Civ. Proc., § 340.6, subd. (a) (section 340.6(a)); undesignated statutory references are to this code.)  Representing herself, Kelly appeals and contends the limitations period must be tolled because mental and physical disabilities restricted her ability to commence the action.  (§ 340.6, subd. (a)(4) (section 340.6(a)(4)).)  We agree and reverse.

### BACKGROUND[1]

Kelly worked at the Lawrence Berkeley National Laboratory (Lawrence Lab).  While there, she sustained injuries to her spine, and she retained

---

[1] We take our statement of facts from the allegations in the complaint.  (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.)

1

Boxer to represent her in several workers' compensation actions. Rather than vigorously representing her, Boxer pressured her to accept a settlement offer that would require her to resign from her position and forgo expected retirement benefits. In addition, Boxer referred her to a medical examiner who — during a December 2014 exam — engaged in inappropriate behavior, including kissing Kelly and fondling her breasts. Kelly informed her psychiatrist about the incident, and she received urgent psychiatric visits and psychotropic medications. To date, Kelly still has not received a settlement for her work-related injuries.

In April 2014, Kelly again retained Boxer to represent her after she sustained injuries — and aggravated existing ones — while at work in January 2014, requiring three spinal surgeries. In January 2015, she informed her attorneys about the emotional distress caused by the examiner's conduct and requested a different examiner. Boxer disregarded her objections and required her to return to the same examiner for an additional exam in October 2015. On that visit, the examiner kissed Kelly's hand and disclosed inappropriate personal information. He also submitted a report concluding her January 2014 injury was not work related. Boxer continued to rely on this opinion despite the inappropriate behavior. It also failed to maintain communication with Kelly, attend her hearing or trials between September 2017 and November 2019, and allowed the statute of limitations in her workers' compensation actions to expire. She terminated Boxer's representation in November 2019.

Kelly sued Boxer in October 2023, alleging various causes of action related to its representation. The trial court sustained Boxer's demurrer with leave to amend after concluding her claims were barred by section 340.6(a). In an amended complaint, she alleged (1) breach of contract (failing to

2

exercise the legal skill and expertise of competent attorneys); (2) professional negligence (failing to develop and implement case management strategies — including failing to negotiate a settlement with Lawrence Lab — or file a complaint against the medical examiner, and allowing the statute of limitations to expire on her claims); (3) unfair business practices (failing to take reasonable steps to prevent abuse from the examiner from occurring and concealing the abuse to maintain its public image); (4) breach of fiduciary duty; and (5) fraud. Regarding section 340.6(a), Kelly alleged she suffered from a mental disability and chronic pain since 2003, affecting her ability to care for her personal hygiene and manage her personal affairs. As a result, she argued the limitations period should be tolled. She also was unable to understand the necessity of filing her claims against Boxer until 2023, when someone suggested filing a lawsuit.

The trial court sustained Boxer's demurrer to the first amended complaint, concluding Kelly's claims were barred by section 340.6(a).[2] Her psychiatric medications and post-traumatic stress disorder, the court explained, did not excuse her unreasonable delay in filing the complaint.

## DISCUSSION

Kelly contends the trial court erred by concluding section 340.6(a) barred her claims. She argues ongoing physical and mental disabilities restricted her ability to commence her legal action so section 340.6(a)(4) tolls the limitations period. We agree.

We independently review an order sustaining a demurrer to determine, assuming the truth of all material factual allegations, whether the complaint

---

[2] The trial court also sustained the demurrer as to the fraud claim because Kelly failed to allege sufficient facts to support each element. Kelly does not challenge that decision on appeal.

3

alleges sufficient facts to state a cause of action.  (*Mathews v. Becerra, supra,* 8 Cal.5th at p. 768.)  Sustaining a demurrer on statute of limitation grounds is appropriate if the complaint, on its face, reflects the claims are barred. (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315–1316.)  We liberally construe the complaint "with a view to substantial justice between the parties."  (*C & H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1062.)  Self-represented litigants are not entitled to special treatment — courts require them to adhere to the same rules as a represented party.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

Section 340.6(a) applies to all claims — such as breach of contract and breach of fiduciary duty — "whose merits necessarily depend on proof that an attorney violated a professional obligation" while providing professional services.  (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1236–1237; *Levin v. Graham & James* (1995) 37 Cal.App.4th 798, 805.)  Absent tolling, plaintiffs must file malpractice claims within one year of the date they discovered, "or through the use of reasonable diligence should have discovered," facts constituting the wrongful act or omission.  (*Truong v. Glasser* (2009) 181 Cal.App.4th 102, 110; § 340.6(a).)  If the plaintiff does not discover those facts, or is not on inquiry notice, the plaintiff must nonetheless file the claims within four years of the date of the wrongful act or omission.  (§ 340.6(a).)

Even "where the plaintiff has discovered the facts constituting the negligent conduct, [section 340.6] provides for tolling under limited circumstances."  (*Truong v. Glasser, supra,* 181 Cal.App.4th at p. 110.) Relevant here, the limitations period is tolled "if the attorney continues to represent the client regarding the specific subject matter in which the alleged wrongful act or omission occurred."  (*Id.* at p. 111; § 340.6, subd. (a)(2) (section 340.6(a)(2)).)  The statute then begins to run after the attorney

4

ceases to represent the client on that issue. (*Truong*, at p. 111.) The period is also tolled when the plaintiff has a legal or physical disability that restricts their ability to commence a legal action. (§ 340.6(a)(4).) The statute exclusively provides circumstances under which the limitations period is tolled — equitable tolling is not available. (*Bledstein v. Superior Court* (1984) 162 Cal.App.3d 152, 162.)

It is undisputed that section 340.6(a) governs Kelly's claims for breach of contract, professional negligence, breach of fiduciary duty, and unfair business practices. The claims necessarily arise from Boxer allegedly violating its professional obligations while providing services to Kelly. (*Lee v. Hanley*, *supra*, 61 Cal.4th at pp. 1236–1237.) The only issue is the potential "tolling [of] the legal malpractice limitations periods." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 763–764.)

At the outset, Kelly's claims related to the medical examiner accrued in 2015. The medical examiner evaluated her — and engaged in disturbing conduct, including fondling her breasts — in December 2014. The impropriety of the conduct was apparent, and she told her psychiatrist of that event immediately and scheduled an urgent psychiatric visit. In January 2015, she told Boxer about the conduct, requested a formal complaint be filed, and asked that she be assigned to a different examiner. Boxer instead disregarded her statements and ordered her to return to the same examiner for further evaluation. And despite its awareness of the inappropriate behavior, Boxer continued to rely on the examiner's opinion that Kelly did not sustain a work-related injury. Kelly's awareness of Boxer's wrongful acts existed as early as 2015, when it allegedly failed to take steps to adequately investigate her concerns. (*Radovich v. Locke-Paddon* (1995) 35 Cal.App.4th

946, 971 [the "first injury of any kind to the plaintiff, attributable to the defendant attorney's malfeasance or nonfeasance, should suffice"].)

Likewise, Kelly's claims alleging Boxer's failure to adequately represent her — e.g., failure to (1) attend hearings between 2017 and 2019, (2) communicate with her, (3) negotiate a settlement, and (4) strike the examiner or file a complaint against him — accrued in 2019. She was forced to represent herself in her hearings despite their formal attorney-client relationship and, according to Kelly, Boxer allowed the statute of limitations to run on her workers' compensation claims. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison, supra,* 18 Cal.4th at p. 743 ["Ordinarily, the client already has suffered damage when it discovers the attorney's error"].) Absent tolling, Kelly's claims are barred under section 340.6(a)'s one-year limitation period.

The trial court correctly concluded section 340.6(a)(2) — tolling the limitations period due to Boxer's continuous representation of Kelly on her workers' compensation actions — does not salvage her claims.[3] (§ 340.6(a)(2).) Boxer's representation continued through November 2019. Thus, the statute of limitations was tolled through that time, even though Kelly was aware (or should have been aware) of Boxer's negligence in 2015 or 2017. (*Gonzalez v. Kalu* (2006) 140 Cal.App.4th 21, 28.) But by formally terminating the relationship in November 2019, she ended Boxer's continuous representation of her workers' compensation claims and thereby triggered the one-year statute of limitations. (*Id.* at p. 31; *Worthington v.*

_____

[3] We do not consider Kelly's belated argument — raised for the first time in her reply brief — that the statute of limitations must be tolled due to Boxer's alleged willful concealment of facts constituting the wrongful act or omission. (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894–895, fn. 10.)

*Rusconi* (1994) 29 Cal.App.4th 1488, 1497 [representation complete when client consents to termination, even absent a formal withdrawal as counsel of record].)  Despite section 340.6(a)(2), Kelly was required to sue by November 2020; absent further tolling, her October 2023 complaint was untimely.

That Kelly was unaware of her legal options until October 2023 — when a kind stranger recommended seeking recourse against Boxer — does not alter this conclusion.  The statute of limitations is triggered when a plaintiff discovers *facts* constituting the wrongful omission or act.  (*Worton v. Worton* (1991) 234 Cal.App.3d 1638, 1650.)  " 'It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action.' "  (*Ibid*.)  Nothing in the complaint indicates Kelly discovered any material *facts* in 2023 to support her malpractice claims.  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808 ["plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation"].)  Instead, she simply alleged an inability to understand the need to file a claim for malpractice when she terminated Boxer's representation.

On the other hand, the trial court erred by finding section 340.6 (a)(4) — tolling due to a disability restricting the ability to commence a legal action — inapplicable.  Courts have interpreted section 340.6(a)(4) in light of legal and physical disabilities the Legislature identified in title 2, chapter 4 of the Code of Civil Procedure.  (*Bledstein v. Superior Court*, *supra*, 162 Cal.App.3d at p. 161.)  For example, section 352, subdivision (a) tolls the time during which a plaintiff is disabled because they lack the legal capacity to make decisions.  (*Bledstein*, at p. 161.)  Such a disability may exist where a person is incapable of caring for their property, transacting business, or

7

understanding the nature or effects of their actions (*Alcott Rehabilitation Hospital v. Superior Court* (2001) 93 Cal.App.4th 94, 101), and it must concretely affect the plaintiff's ability to sue. (*Bledstein*, at p. 161.) The general tolling provisions in chapter 4 of the Code of Civil Procedure "reflect the Legislature's intent to suspend a specific limitations period when circumstances beyond the potential plaintiff's control would pose a legal or physical impediment to bringing suit." (*Bledstein*, at p. 161.)

Kelly sufficiently alleged her mental and physical disabilities and that they restricted her ability to file her complaint. Her permanent physical disabilities — after multiple spinal injuries requiring five surgeries — require two different daily medications affecting her ability to remain focused on critical matters. Specifically, they render her unable to personally provide for her care or finances, as well as to understand the need to file a complaint. These episodes have lasted on a weekly and monthly basis for years, spanning 2013 through 2024. Kelly's medical care giver reiterated these limitations, noting her physical and mental illnesses require opioid and psychotropic medications, resulting in her inability to remain alert, process information, or attend to her personal hygiene. (*Performance Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659, 665 [considering exhibits attached to a complaint and incorporated by reference on demurrer].) Kelly's adult son has been caring for her since 2013, including managing all aspects of her personal care and finances; he notes she suffers from auditory and visual hallucinations. During those periods, she is afraid to leave her bedroom, groom herself, or take any medications to minimize her mental crises.

Kelly alleged these disabilities restricted her ability to file her complaint. (Compare with *Hsu v. Mt. Zion Hospital* (1968) 259 Cal.App.2d

8

562, 573 [adjudication of mental illness alone does not conclusively demonstrate person is incapable of caring for property or transacting business under § 352].) Boxer insists she was required to further explain her inability to conduct additional investigation to support her claims or her delay in filing her complaint. We find nothing in the case law — and Boxer does not cite anything — mandating such further explanation. In sum, we conclude the trial court erred by failing to toll the statute of limitations.[4] In light of this conclusion, we do not address Kelly's remaining arguments.

## DISPOSITION

The judgment is reversed.

---

[4] Our decision does not preclude Boxer from later raising the statute of limitations defense in a motion for summary judgment. (*United Western Medical Centers v. Superior Court* (1996) 42 Cal.App.4th 500, 505 [denying demurrer based on statute of limitations ground but noting the proper remedy "is to ascertain the factual basis of the contentions through discovery and, if necessary, file a motion for summary judgment"].)

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.

A171946; *Kelly v. Boxer & Gerson, LLP*