[No. B094399. Second Dist., Div. Four. June 30, 1997.]

MICHAEL R. BENNETT, Plaintiff and Appellant, v.
SUNCLOUD, Defendant and Respondent.

**COUNSEL**

Michael R. Bennett, in pro. per., for Plaintiff and Appellant.

Musick, Peeler & Garrett, James B. Bertero and Dori K. Rybacki for Defendant and Respondent.

## OPINION

**BARON, J.**—Appellant Michael R. Bennett appeals from the judgment entered after the demurrer of respondent Suncloud, a division of Bausch & Lomb, Inc. (Suncloud), to his third amended complaint was sustained. We reverse in part and affirm in part the order sustaining the demurrer, and reverse the judgment.

### BACKGROUND

*The Original Complaint*

On January 19, 1994, appellant, an attorney acting on his own behalf, filed a complaint in the west district of the superior court against Suncloud and codefendant Sport Chalet for negligence, property damage, and fraud. The complaint alleged that appellant was injured on January 18, 1993, by a defective pair of Suncloud sunglasses purchased at Sport Chalet. The complaint further stated that defendants represented that the sunglasses were unbreakable or break resistant, safe, and otherwise suitable and specifically designed for skiing, and that in reliance on that representation, appellant purchased the product and used it while skiing.

Suncloud demurred on the grounds that the causes of action were barred by the one-year statute of limitations contained in section 340, subdivision (3) of the Code of Civil Procedure, and that the complaint failed to plead the fraud cause of action with sufficient specificity. In his opposition, appellant stated that the Northridge earthquake occurred on Monday, January 17, 1994; that he appeared at the courthouse to attempt to file his complaint on Tuesday, January 18, 1994; that the courthouse was closed and cordoned off with yellow tape; and that he was therefore unable to file his complaint until the next day. He further stated that he relied on conversations with "[c]ourt administrators and personnel" that no other courthouse was open on the 18th. The trial court (Judge Haber) issued an order sustaining the demurrer to all three causes of action with 30 days leave to amend, and specifically stated that to the extent appellant claimed his inability to file the action prevented the statute of limitations from running, these facts must be alleged in the complaint. As to the fraud cause of action, the court concluded more specificity was required.

*First Amended Complaint*

Appellant filed a first amended complaint in which he alleged causes of action for breach of express warranty, breach of implied warranty, products

liability, false advertising, unfair competition, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence per se, and negligence. The amended complaint alleged that while shopping at Sport Chalet, appellant was directed to the Suncloud sunglasses as suitable for ski eyewear. Concerning Suncloud, the complaint alleged on "information and belief" that Suncloud "expressly and implicitly stated, described, conveyed, indicated, affirmed, reassured, reiterated, promised, guaranteed, represented, and warranted that Subject Ski Sunglasses were and are designed, made, manufactured, fabricated, assembled, produced, suitable, safe, and intended for use as snow-skiing eyewear, unbreakable, nonbreakable, break resistant, flexible, and/or safe for snow-skiing activities and otherwise suitable and fit for the particular uses and purposes intended and/or reasonably foreseeable . . . ."

He alleged that he appeared at the west district courthouse to file his original complaint on January 18, 1994, but that the courthouse, and "upon information and belief, all Superior Courts in Los Angeles County within which Plaintiff's complaint was permitted and/or required to be filed," were closed. Attached to the complaint was a media advisory dated January 18, 1994, which stated: "Due to damage resulting from the January 17th earthquake, the following court facilities in the Los Angeles Superior Court will be closed for business on Wednesday, January 19, 1994: [¶] The Criminal Courts Building, Eastlake Juvenile, North Valley San Fernando at 900 E. Third Street, Sylmar Juvenile Court, Northwest Van Nuys, West Santa Monica and the one Superior Court courtroom in Beverly Hills."

Suncloud demurred to the first amended complaint on both statute of limitations and failure to state cause of action grounds based on insufficient specificity as to its conduct as opposed to Sport Chalet's. Demurrer was sustained by the trial court (Judge Chaney) "pursuant to moving papers," with leave to amend.

*Second Amended Complaint*

Appellant filed a second amended complaint which essentially repeated the allegations and claims of the first amended complaint with some minor elaboration. This time he attached a "media advisory" dated January 17, 1994, which stated that the central district would be closed to the public on Tuesday, January 18th. It indicated that the northeast, east, southeast, south, southwest, and south central districts, and the children's courts would all be open on that day.

Suncloud demurred, again on statute of limitations and failure to state a cause of action grounds. This time, the trial court (Judge Finkel) stated in its

order: "The court finds the statute of limitation is tolled for one day by the earthquake, such filing on 1/19/94 was timely. [¶] Demurrer to 4-6 and 8 causes of action [for false advertising/unfair competition, fraud, intentional infliction of emotional distress, and negligence per se] sustained with 30 days leave to amend."

*Third Amended Complaint*

Appellant filed the third amended complaint, making the same allegations with some slight modification to the false advertising/unfair competition, fraud, and negligence per se causes of action, and withdrew the cause of action for intentional infliction of emotional distress. Suncloud demurred to the entire complaint on the same grounds as in its three previous demurrers. The court (Judge Haber) sustained the demurrer "to all causes of action, without leave to amend," stating that "[t]here is a bar of the statute of limitations" and that "the court finds plaintiff cannot cure the pleading defects." Appellant filed a motion for reconsideration which was denied. The notice of appeal followed.

DISCUSSION

I

■ Appellant contends that in sustaining the demurrer to the entire third amended complaint, Judge Haber disregarded section 1008 of the Code of Civil Procedure which essentially forbids trial courts from reconsidering orders previously rendered in the action—either their own or those made by other judges—"unless made according to this section." A motion made in accordance with section 1008 must include reference to new or different facts, circumstances, or law before the earlier order may be reconsidered.

Judge Finkel's order concerning the second amended complaint sustained the demurrer to the false advertising/unfair competition, fraud, intentional infliction of emotional distress, and negligence per se causes of action. As we see it, after the specified causes of action were amended, Suncloud was free to demur to those causes of action on any ground. Judge Haber's order concerning the statute of limitations and the failure of the appellant to cure the previously noted pleading defects was completely appropriate as it pertained to those causes of action. (See *Clausing v. San Francisco Unified School Dist.* (1990) 221 Cal.App.3d 1224, 1232 [271 Cal.Rptr. 72].)

On the other hand, when Judge Finkel overruled the demurrer to the first, second, third, seventh, and ninth causes of action (for breach of express

warranty, breach of implied warranty, products liability, negligent infliction of emotional distress, and negligence), Judge Haber was foreclosed from rendering a new determination on the viability of those claims unless some new facts or circumstances were brought to his attention.[1] His decision to render judgment on the entire complaint and not just the three amended causes of action was improper.

Having said that, however, now that the case is before this court, we are free to review both Judge Finkel's and Judge Haber's orders and render an opinion based on the correct rule of law. We are not required to sustain an erroneous trial court ruling because it came first.

## II

██ Appellant contends that his various causes of action were not governed by the one-year statute of limitations contained in Code of Civil Procedure section 340. That provision, by its terms, applies to all actions "for injury to . . . one caused by the wrongful act or neglect of another . . . ." (Code Civ. Proc., § 340, subd. (3).) ██ "Personal injury actions, whether based on simple negligence or on a theory of products liability, must be commenced within one year of the date the plaintiff's action accrued. [Citations.]" (*Goldrich* v. *Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App.4th 772, 778-779 [31 Cal.Rptr.2d 162].) The same rule applies where the personal injury derives from breach of warranty. (*Becker* v. *Volkswagen of America, Inc.* (1975) 52 Cal.App.3d 794, 802 [125 Cal.Rptr. 326]; see *Rubino* v. *Utah Canning Co.* (1954) 123 Cal.App.2d 18, 26 [266 P.2d 163] ["It seems apparent that the legislative intent behind subdivision 3, section 340, Code of Civil Procedure, was not to restrict its coverage to tort actions independent of any contractual relation, but to provide a limitation of one year where personal injury or death results, regardless of the tort, contract or breach of express or implied warranty aspect of the case."].) Appellant's claims for breach of warranty, products liability, and negligence, including negligent infliction of emotional distress, are governed by the one-year statute of limitations.

██ As to the claims for false advertising/unfair competition and fraud, appellant's point that a longer limitations period should apply may be well taken. However, appellant overlooks the fact that the demurrer to these causes of action as pled in the third amended complaint—as well as the

---

[1]Of course, under Code of Civil Procedure section 1008, some new fact or facts pleaded in an amended complaint could justify a review of a prior determination. Suncloud does not bring to our attention any facts pleaded in the third amended complaint which would invoke such a rule here.

cause of action for negligence per se—was sustained on grounds of failure to state a claim after several attempts due to insufficient specificity. Appellant raises no issue concerning the appropriateness of the trial court's ruling on the lack of specificity and failure to state a claim ground, and we therefore conclude that he has waived any such argument. (See *Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [188 Cal.Rptr. 115, 655 P.2d 317]; *In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 278 [268 Cal.Rptr. 83].)[2]

## III

■ Whether the one-year statute, which applies to the negligence, breach of warranty, and products liability claims, had expired is a separate issue, to which we now turn. Appellant's ski accident occurred on January 18, 1993. The complaint was filed on January 19, 1994. The courts were closed on Monday, January 17 due to Dr. Martin Luther King, Jr., Day. The issue raised in the appeal is whether the closure of the west district and possibly other districts of the Los Angeles County Superior Court on Tuesday, January 18 due to the Northridge earthquake caused the statute of limitations to be extended by an additional day.

"Civil actions, without exception, can only be commenced within the periods prescribed in [Title 2 of Part 2, Code of Civil Procedure]," which includes section 340 and the other general statutes of limitations. (Code Civ. Proc., § 312.) "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (*Id.*, § 12.) As set forth in relevant part in section 12a of the Code of Civil Procedure, "[i]f the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then that period is hereby extended to and including the next day which is not a holiday. The term 'holiday' as used herein shall mean all day on Saturdays, all holidays specified in Section 6700 and 6701 of the Government Code, other than the holidays specified in subdivisions (c) and (f) of Section 6700 of the Government Code, *and, to the extent provided in Section 12b, all days which by terms of Section 12b are required to be considered as holidays.*" (Italics added.)

Section 12b of the Code of Civil Procedure provides: "If any city, county, state, or public office, other than a branch office, is closed for the whole of

---

[2]We would also point out that the attempt to transform a run-of-the-mill products liability claim into one for fraud or false advertising cannot stand in the absence of specific facts showing what was said by whom and in what manner. (See *Goldrich* v. *Natural Y Surgical Specialties, Inc., supra,* 25 Cal.App.4th at pp. 782-783.)

any day, insofar as the business of that office is concerned, that day shall be considered as a holiday for the purposes of computing time under Sections 12 and 12a."

Appellant contends, and Judge Finkel appeared to believe, that if the west district courthouse alone were closed, the above-quoted provisions apply. We disagree. By its terms, section 12b transforms a day into a "holiday" for statute of limitations purposes where a public office "other than a branch office" is closed for the whole day. Although no definition of "branch office" appears in the statute, the ordinary definition would include the outlying districts of the superior court. In addition, we note that the local rules permitted appellant to file his complaint in either the west district or the downtown central district. (Super. Ct. L.A. County Rules, rule 2.0.) Thus, the downtown courthouse would have to have been closed before section 12b could apply, and lead to appellant having an additional day to file his complaint.

Appellant alleged in his complaint that all superior courts in which he could file his complaint were closed. He attached a document purporting to have issued from the court which stated that the downtown courthouse was closed to the public on January 18, 1994. This raised a factual issue as to whether the downtown courthouse was closed sufficient to overcome the demurrer.

## DISPOSITION

The judgment is reversed. The order sustaining the demurrer to the fourth, fifth, and seventh causes of action of the third amended complaint is affirmed. Appellant shall recover costs on appeal.

Vogel (C. S.), P. J., and Aranda, J.,* concured.

---

*Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.