Filed 11/26/19 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| COUNTY OF EL DORADO et al., | C088409 |
| Petitioners, | (Super. Ct. No. PC20150633) |
| v. | |
| THE SUPERIOR COURT OF EL DORADO COUNTY, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Respondent; | |
| THOMAS AUSTIN et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Stay issued. Petition denied. Warren C. Stracener, Judge.

Michael J. Ciccozzi and David Livingston, County Counsel, Kathleen A. Markham, Deputy County Counsel; Abbott & Kindermann, William W. Abbott, and Glen C. Hansen for Petitioner.

Jennifer Bacon Henning for California State Association of Counties, Rural County Representatives of California, and League of California Cities as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

1

Kuzyk Law, Mark J. Leonardo, Reid H. Breitman; Benedon & Serlin, Douglas G. Benedon, Wendy S. Albers for Real Parties in Interest.

Bernard Carlson in pro. per. for Friends of El Dorado County as Amicus Curiae on behalf of Real Parties in Interest.

THE COURT:

The opinion in the above-entitled matter filed on October 30, 2019, was certified for partial publication in the Official Reports.  For good cause it now appears that the opinion should be published in full in the Official Reports and it is so ordered.

FOR THE COURT:


/s/
Raye, P.J.


/s/
Hull, J.


/s/
Butz, J.

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| COUNTY OF EL DORADO et al., | C088409 |
| Petitioners, | (Super. Ct. No. PC20150633) |
| v. | |
| THE SUPERIOR COURT OF EL DORADO COUNTY, | |
| Respondent; | |
| THOMAS AUSTIN et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Stay issued. Petition denied. Warren C. Stracener, Judge.

Michael J. Ciccozzi and David Livingston, County Counsel, Kathleen A. Markham, Deputy County Counsel; Abbott & Kindermann, William W. Abbott, and Glen C. Hansen for Petitioner.

Jennifer Bacon Henning for California State Association of Counties, Rural County Representatives of California, and League of California Cities as Amici Curiae on behalf of Petitioner.

---

[*] Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts 2.0 and 3.0 of the Discussion.

1

No appearance for Respondent.

Kuzyk Law, Mark J. Leonardo, Reid H. Breitman; Benedon & Serlin, Douglas G. Benedon, Wendy S. Albers for Real Parties in Interest.

Bernard Carlson in pro. per. for Friends of El Dorado County as Amicus Curiae on behalf of Real Parties in Interest.

Real parties in interest Thomas and Helen Austin (the Austins) filed an action to recover development impact fees under the Mitigation Fee Act (Gov. Code, § 66000 et seq.)[1] for the failure of petitioners County of El Dorado and its Community Development Agency (collectively "County")[2] to make prescribed findings to justify the continuing need for 11 fees assessed by the County and its special districts. The trial court denied a second demurrer that renewed the County's *previous* claim that the limitations period for the Austins' action expired. On the County's petition for a writ of mandate to overturn this ruling, we issued an alternative writ or order to show cause and, with the acquiescence of the Austins, issued a stay of proceedings. On plenary review, we shall vacate the stay and deny the County's petition for writ of mandate.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

We do not act as an adjunct to the superior court's motion department. We should exercise discretion to review rulings on pleadings with *extreme reluctance*, confining it "to instances of such grave nature or of . . . significant legal impact." (*Babb v. Superior*

---

[1] Undesignated statutory references are to the Government Code.

[2] These are the only defendants appearing as petitioners in this matter.

[3] We have allowed amicus briefing. We are not persuaded to expand the issues beyond those that the actual litigants in this proceeding have already briefed. (*City of Brentwood v. Campbell* (2015) 237 Cal.App.4th 488, 493, fn. 6.)

*Court* (1971) 3 Cal.3d 841, 851.)  The present case is simply a desultory request by particular landowners for a refund of fees that a particular local entity failed to justify. We are not aware, at least through the vehicle of the present litigation, that floodgates will open to challenges of mitigation fees for failure to make these prescribed findings on a statewide basis[4] if we do not rule in the County's behalf at the pleadings stage on the question of the proper limitations period.  This is as opposed to the context of a subsequent ruling premised on a factual showing as to the limitations period, or a ruling on the *merits* of the underlying dispute that might moot the whole issue—in contrast with the *Babb* decision regarding the propriety of cross-complaints for malicious prosecution in pending actions.  Moreover, if the purported size of the administrative record (as the County asserts) were a ground for writ relief, we would find ourselves issuing writs in every demurrer that raised the limitations period in challenges to environmental impact reports.  The County's concern with its potential liability on the merits also does not distinguish it from any other defendant unsuccessful on a demurrer in an action involving a large prayer for relief.  However, having issued the alternative writ and created a cause, we do not see any purpose in revisiting this threshold issue.  We therefore address the demurrer on the merits, without intending to signify the present proceedings as a bellwether of our willingness to entertain relief for rulings on pleadings.

In the original pleading filed in December 2015, the Austins alleged that as the current property owners, they were entitled to a refund of eight different mitigation fees exacted by four special districts in which their real property is located, because the County had failed to comply with its obligation under section 66001 to make findings justifying the continued collection and retention of the mitigation fees within the prescribed period of five years (so-called "nexus" findings).  A first amended complaint

---

[4]  There is, so far as the parties have identified, only a single appellate case regarding the failure to make nexus findings, which we cite below in part 1.0 of the Discussion.

3

superseded the original pleading in December 2016 (apparently following a demurrer that is not included in the exhibits to the petition). The Austins now named 11 different mitigation fees assessed by five special districts. They alleged the deadlines for nexus findings for each of these fees had expired prior to the filing of their action on various dates.

The County demurred, asserting that a one-year limitations period for penalties and forfeitures applied, that the Austins had failed to allege "prejudice" as purportedly required under section 65010, and that the Austins failed to name necessary parties as defendants. In December 2017, the trial court overruled the demurrer on the first two grounds because it found each *subsequent* collection of a fee *within the applicable limitations period*—in the absence of nexus findings—was a new breach, and as a result the limitations period could not apply to the *entirety* of the cause of action under the "continuous accrual" doctrine. Thus, it concluded that "[r]egardless of which statute of limitation applies, one year, three year or four year, it does not appear clearly and affirmatively that, upon the face of the [first] amended complaint and petition, the right of action is necessarily barred. There remains claims for refund of fees collected within the one year, three year and four year statutes. 'A demurrer does not lie to a portion of a cause of action' " (citing *PH II, Inc. v. Superior Court* (1995) 33 Cal.App.4th 1680, 1682 (*PH II*)). It also concluded the requirement to plead prejudice under section 65010 did not apply to proceedings under section 66001 for failure to make nexus findings. It did find, however, that certain parties were indispensable with respect to certain of the collected fees, and sustained the demurrer to *that* extent with leave to amend.

The Austins filed the present amended pleading in January 2018. The pleading again identified the 11 funds collecting mitigation fees for the County and special districts. It again alleged the County had failed to make nexus findings for each of these by various deadlines between June 2011 and June 2013. The County shortly thereafter

4

filed the present demurrer, setting the hearing for August 2018, reiterating its arguments regarding the limitations period and the need to plead prejudice.[5]

Although a defendant cannot demur on the same grounds to a previous demurrer that was overruled (*Bennett v. Suncloud* (1997) 56 Cal.App.4th 91, 97 & fn. 1 (*Bennett*)),[6] and the Austins raised an objection on this basis, the trial court reached the merits of this renewed challenge to the pleadings and overruled it "for the same reasons as stated in the analysis and rulings on the prior demurrer[]" in a November 2018 order. The County filed the present petition shortly thereafter. Briefing was completed in April 2019.

## DISCUSSION

### 1.0 The Limitations Period is One Year

Section 66001 does not specify a limitations period. The County contends that relief under the statute constitutes a penalty or forfeiture, and therefore the appropriate limitations period is one year. (Code Civ. Proc., § 340, subd. (a); see *People ex rel. Dept. of Conservation v. Triplett* (1996) 48 Cal.App.4th 233, 252 [concluding that fee was not a penalty within meaning of statute]; 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 668, pp. 884-886.) We agree.

Under well-established California law, statutes that provide for mandatory damages either *in addition to* actual injury or *regardless* of actual injury or fault are

---

[5] Arguably, this further undermines the County's entitlement to writ relief because it is untimely, since its claims of "large record" and "threat to its fisc" were surely present at the time of the December 2017 order overruling its second demurrer, yet the County did not seek writ relief at *that* time on the denial of the merits of its present limitations claim. Again, we will put this matter aside and simply reach the issue.

[6] Nevertheless, on *review* this does not preclude our consideration of the issue. (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1508-1509; *Bennett*, *supra*, 56 Cal.App.4th at p. 97.)

considered to be in the nature of a penalty or forfeiture subject to the one-year limitations period. (*County of San Diego v. Milotz* (1956) 46 Cal.2d 761, 766 [" 'sum of money made payable . . . for the nonperformance of an act' "; applies to reduction in fee for untimely court reporter's transcripts]; *Hypertouch, Inc. v. ValueClick, Inc.* (2011) 192 Cal.App.4th 805, 842 [liability for deceptive e-mail regardless of actual damage]; *Brandenburg v. Eureka Redevelopment Agency* (2007) 152 Cal.App.4th 1350, 1365 [contract voided for conflict of interest without showing of damage]; *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 387 [mandatory refund of tuition for failure to make timely disclosures of accreditation status]; *Montalti v. Catanzariti* (1987) 191 Cal.App.3d 96, 98 [liability for eavesdropping regardless of actual injury].)

Section 66001 provides in pertinent part, "For the fifth fiscal year following the first deposit into the account [dedicated to the mitigation fee (see subd. (c) & § 66006)], and every five years thereafter, the local agency shall make all of the following [nexus] findings with respect to that portion of the account . . . remaining unexpended" (we omit the particulars for nexus findings). (§ 66001, subd. (d)(1).) "If the findings are not made as required by this subdivision, the local agency shall refund the moneys in the account . . . as provided in subdivision (e)." (§ 66001, subd. (d)(2).) The cross-referenced subdivision directs the local agency to identify the commencement of the public improvement for which sufficient funds have been collected "or shall refund to the *then current* record owner . . . of the [property] . . . the unexpended portion of the fee, and any interest accrued thereon. By means consistent with the intent of this section, a local agency may refund the unexpended revenues by direct payment, by providing a temporary suspension of fees, or by any other reasonable means. The determination by the . . . local agency of the means by which [to refund] those revenues . . . is a legislative act." (§ 66001, subd. (e), italics added.)

This entitlement to the return of unexpended mitigation fees for failure to make nexus findings exists regardless of whether on the merits the local agency could in fact

6

demonstrate that the basis for nexus findings existed at the time the deadline expired. (*Walker v. City of San Clemente* (2015) 239 Cal.App.4th 1350, 1367-1369 [concluding that local agency was not entitled to a remand to make nexus findings post hoc to defeat action] (*Walker*).)[7] Moreover, because it is the *current* property owner who is entitled to the refund *regardless* of whether the current owner actually paid any fees into the fund, this entitlement to a refund exists regardless of whether actual injury exists. Thus, as in the cases cited above where a court reporter provided a product, or a contractual right is voided regardless of whether it provided mutual arms-length benefits, or educational services go uncompensated for failure to make prescribed disclosures, this statute imposes liability without regard to any substantive fault on the part of the party held liable, and regardless of any actual injury (as with liability for e-mail & eavesdropping violations). Therefore, it does not represent a remedy but a focus on coercing particular conduct from the party held liable without any substantive fault. We conclude the statute is in the nature of a penalty or forfeiture, and as a result is subject to the one-year period of limitations. (Code Civ. Proc., § 340, subd. (a).)

## 2.0　Ongoing Accrual Bars a Demurrer to the Cause of Action

Where there is an ongoing *severable* wrong, a limitations period generally runs at the time of each breach, making actionable *any* breaches that occur within the limitations period, even if the earlier breaches are untimely. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1199 (*Aryeh*); *Armstrong Petroleum Corp. v. Tri-Valley Oil*

---

[7] The *Walker* case, otherwise focused on the issue of nonexistent findings to justify continued retention of a "beach parking" impact fee after 20 years without any showing of need or identification of proposed new facilities, does not consider the issue of the limitations period beyond rejecting the plaintiffs' invocation of estoppel or unjust enrichment in connection with the *assumption* that a four-year limitations period applied. (*Walker, supra*, 239 Cal.App.4th at pp. 1370-1371.) In the only remarks touching on the present issue, the court rejected the request to remand *even if* the refund constituted a forfeiture. (*Id*. at p. 1369.)

*& Gas Co.* (2004) 116 Cal.App.4th 1375, 1388-1389 [contractual breach].)**8**  This theory of ongoing accrual applies in the context of challenges to the lawfulness of taxes, with the limitations period accruing with each payment.  (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 822, 825 (*Howard Jarvis*).)

As stated above, the trial court ruled in its November 2018 order (incorporating its Dec. 2017 tentative ruling on the same issue) that a failure to make the nexus findings by the deadline required a requested refund of any payments made after the deadline without nexus findings within the period of limitation (whatever it was), and therefore it would not sustain a demurrer to the entire cause of action on this basis.  The County claims this amounts to prospective "invalidation" of the various fees, a remedy that goes beyond the statute.  (The County does not contest the trial court's conclusion that a demurrer to the refund cause of action is improper under *PH II, supra*, 33 Cal.App.4th 1680 if the continuous accrual doctrine applies to payments within the limitations period).

The County's assertions in support of its invalidation theory are mostly non sequiturs.  That the statute allows a credit to be applied against future payments for any necessary refunds does not preclude refunds for any payments made after the deadline in the absence of nexus findings.  The entitlement of the current property owner to claim the refund also does not prevent application of the refund procedure to payments made after the deadline.  Similarly irrelevant are the limitation of the refunds to funds that are unexpended and on hand (§ 66001, subd. (d)(2) [excluding letters of credit, bonds, or other instruments]); this does not bar subsequent payments from the refund procedure if they have not been spent on the dedicated project before the request for a refund or are otherwise unavailable.  In short, an ongoing obligation to *refund* available fees on request

---

**8**  This contrasts with the continuing *violation* doctrine, in which ongoing *nonseverable* wrongs toll the commencement of the limitations period as to the entire injury.  (*Aryeh, supra*, 55 Cal.4th at pp. 1197-1198.)

in the absence of nexus findings does not *invalidate* the ability of the local agency to collect the fees.

Ongoing accrual also does not entitle a plaintiff, as the County claims, to postpone *indefinitely* a claim against public entities. If not made within one year of the deadline for findings, the plaintiff has only a limited remedy for the *subsequent* payments made within one year before filing a refund action, not the entire corpus existing at the time of the deadline. The County's liability for failure to comply with its statutory duty is accordingly limited. (See *Howard Jarvis, supra*, 25 Cal.4th at p. 825 ["Our decision in this case does not . . . subject municipalities to limitless claims for refund of illegal taxes," pointing out "our holding relates only to injuries occurring in the statutory three-year period before suit is brought"].)

As for the County's assertion that the trial court misapplied "legislative intent" in finding ongoing accrual applicable misstates the trial court's analysis. It was simply describing the purpose of the refund mechanism in preventing unwarranted collection and retention of mitigation fees. That is evident on the face of the statute. It provides for refunds of *available* funds in the fee accounts in the absence of nexus findings, not the funds available at the time of the findings deadline. Having breached its statutory duty to justify its fees, the ongoing collection was subject to refund until the County remedied its breach. It is the nature of the manner in which violations occur and *not* any legislative intent that prompted the trial court properly to apply the ongoing accrual principle.

Finally, the County's recurrent invocation of public policy and the threat to the security of its financial resources " 'is not a trump card that somehow requires the courts to countenance *ultra vires* or illegal tax practices.' " (*Howard Jarvis, supra*, 25 Cal.4th at p. 824.)

The trial court thus correctly overruled the demurrer, because there is at least some portion of the Austins' cause of action for a refund that is timely. Whether this merits further litigation of this matter is for the Austins to determine.

9

**3.0     The Austins Did Not Need to Plead "Prejudice and Substantial Injury"**

Title 7 of the Government Code (Planning and Land Use) has three divisions: "Planning and Zoning" (§ 65000 et seq.; see Stats. 1974, ch. 1536, § 3, p. 3464), "Subdivisions" (§ 66410 et seq.; see Stats. 1974, ch. 1536, § 4, p. 3464), and "Official Maps" (§ 66499.50 et seq.; see Stats. 1975, ch. 24, §26.5, p. 42). In chapter one of the Planning and Zoning division, called "General Provisions" (§ 65000 et seq; see Stats. 1957, 1st Ex. Sess. 1956, ch. 33, § 2, p. 359), appears section 65010: "(a) Formal rules of evidence or procedure applicable in judicial actions and proceedings shall not apply in any proceeding subject to this title . . . . [¶] (b) No action [or] inaction . . . by any public agency . . . on any matter subject to this title shall be held invalid . . . by any court on the ground of . . . any . . . omission . . . as to any matter pertaining to . . . findings . . . subject to this title, unless the court finds that the error was prejudicial and that the party . . . appealing suffered substantial injury from that error and that a different result would have been probable if the error had not occurred. There shall [not] be [any] presumption that error is prejudicial . . . ." "Section 65010 . . . is a 'curative statute' enacted by the Legislature for the purpose of 'terminating [the] recurrence of judicial decisions which had invalidated local zoning proceedings for technical procedural omissions.' " (*Rialto Citizens for Responsible Growth v. City of Rialto* (2012) 208 Cal.App.4th 899, 921 (*Rialto Citizens*); *id*. at pp. 922-923 [failure of city council to make findings of consistency with general plan did not result in prejudice or substantial injury where planning commission had made the finding and no evidence of inconsistency].)

Section 65010 is thus a general statutory directive to courts to apply the doctrine of harmless error to agency proceedings under title 7 of the Government Code. It does not purport to require a litigant to *plead* harmless error in seeking relief when an agency fails to comply with an express statutory directive to make findings, such as in section 66001. Moreover, with respect to section 66001, where the entitlement to a refund can be a windfall for an owner subsequent to the owner who actually made the payment, the

10

County does not explain how the current owner could even plead prejudice when it is the failure itself that entitles the current owner to the refund without any further showing of injury. *Rialto Citizens* is not apposite, as the County claims, because there *were* findings made but not adopted at the city level. As a result, the Austins were not obligated to plead prejudice and substantial injury in their complaint.

## DISPOSITION

The stay is vacated upon finality of this opinion. The County's petition for a writ of mandate is denied. The Austins shall recover their costs. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

/s/
Butz, J.

We concur:

/s/
Raye, P.J.

/s/
Hull, J.

11